United States District Court
Southern District of Texas
**ENTERED**
November 18, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL LEROY JONES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-70 |
| | § | |
| WILLIAM  STEPHENS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on petitioner Michael Leroy Jones' petition for a writ of habeas corpus and respondent William Stephens' motion for summary judgment.  Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted and Jones' petition should be dismissed.

## I.    Background

Petitioner Michael Leroy Jones was convicted of burglary of a habitation with intent to commit theft in the248th Judicial District Court of Harris County, Texas.  On October 31, 1991, that court sentenced him to 22 years imprisonment.  He has a prior conviction for robbery.  Respondent's Exh. A at 3.  Jones has been released on parole, and had his parole revoked, several times.  Jones received credit for time he spent in jail pursuant to those warrants, but no street time credit for the time he was on parole.  *Id.* at 2.

Jones' parole was most recently revoked on June 7, 2013.  *Id.*  Jones has forfeited four years, six months, and twenty six days of street time credit accrued during his times on parole.

On August 19, 2013, Jones filed a time dispute resolution form with the Classification and Records Department ("CRD") of the Texas Department of Criminal Justice ("TDCJ").  SH

at 39.[1]  On August 28, 2013, the CRD informed Jones that there was no error in his time calculation.  *Id.*

On September 17, 2013, Jones filed a state application for a writ of habeas corpus challenging the loss of street time.  SH at 2-13.  On August 27, 2014, the Texas Court of Criminal Appeals denied Jones' application without written order on the findings of the trial court.  *Id.* at Action Taken Page.  Jones filed this federal petition on January 8, 2015.

## II.   Applicable Legal Standards

### A.   The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the

---

[1]     "SH" refers to the transcript of Jones' state habeas corpus proceeding.

state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The solitary inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254 (d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The State court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. §2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

**B.**     <u>**The Standard for Summary Judgment in Habeas Corpus Cases**</u>

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases. In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). Where a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, however, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997). Consequently, where facts have been determined by the Texas state courts, this Court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

III.   **Analysis**

Jones' petition does not specifically identify a constitutional right that he believes was violated by respondent's action.  It appears that he contends that he has been deprived of his liberty without due process of law because the time calculation is allegedly erroneous and in violation of state law.

Stephens argues that Jones was properly denied street time credit.  The availability of street time credit is governed by TEX. GOV'T CODE § 508.283(b).  That statute provides, in relevant part

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

The statute referenced in this section, TEX. GOV'T CODE § 508.149(a), prohibits release to mandatory supervision of an inmate previously convicted of robbery.  *See* TEX. GOV'T CODE § 508.149(a)(11) (referencing TEX. PENAL CODE § 29.02).    Therefore, because Jones has a prior conviction for robbery, Texas law requires that Jones serve his remaining sentence "without credit for the time from the date of [his] release to the date of revocation."  TEX. GOV'T CODE § 508.283(b).

While Jones disputes a number of the dates recited in Respondent's Exhibit A, and disputes the applicability of his prior conviction for robbery, he presents no evidence that the dates are wrong or that his prior conviction does not require forfeiture of his street time credit under Texas law.  It thus appears that Respondent correctly computed Jones' time under Texas law.  At a minimum, the Texas state habeas court's conclusion that the calculation is correct is a reasonable conclusion, and is entitled to deference.  Jones' summary denials are not clear and

convincing evidence sufficient to overcome the presumption that the state court findings are correct.

**IV.    Conclusion**

For the foregoing reasons, respondent's motion for summary judgment is granted, and Jones' petition is dismissed with prejudice.

**V.    Certificate of Appealability**

Jones  has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")  A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").  "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone."  *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to

proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Jones' petition and concludes that Jones fails to make a substantial showing of the denial of a constitutional right. The court concludes that jurists of reason would not find this Court's ruling debatable. This Court concludes that Jones is not entitled to a certificate of appealability.

**VI.    Order**

For the foregoing reasons, it is ORDERED as follows:

A.    Respondent William Stephens' motion for summary judgment (Dkt. No. 14) is GRANTED;

B.    Petitioner Michael Leroy Jones' petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITH PREJUDICE; and

C.    No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 18th day of November, 2015.

Kenneth M. Hoyt
United States District Judge